ACME LUMBER CO. *v.* FRANCES VANDERGRIFT SHOE CO.

GARNISHMENT.    *Void return.    Judgment thereon.    Code* 1880, § 2443.

> Where a writ of garnishment omits to require an answer *in writing,* or to
> require the garnishee to answer whether he was indebted to defendant
> *at the time of the summoning of the garnishee, or* since that time, or whether
> he has *since* had effects of defendant, a return by the officer that he had
> handed to the garnishee " a true notice of the within'," is insufficient, since
> notice of every thing in the writ would not be a compliance with § 2443,
> code 1880, which entitles the garnishee to notice in writing of the an-
> swer he is required to make.    A judgment by default on such return
> will be reversed.

FROM the circuit court of Lauderdale county.

HON. S. H. TERRAL, Judge.

The appellee, Frances Vandergrift Shoe Company, recov-
ered judgment before a justice of the peace against one Gary.
Afterwards plaintiff suggested that the Acme Lumber Com-
pany was indebted to the defendant, and a writ of garnish-
ment was issued, the material parts of which, as well as the
return thereon, are set out in the opinion. At the return
term judgment was rendered against such garnishee. After-
wards the garnishee prayed and obtained a writ of *certiorari*,
and the cause was reviewed in the circuit court, the conten-
tion being that the return on the writ of garnishment was
insufficient to authorize the judgment by default at the re-
turn term. But the circuit court sustained a motion to quash
the *certiorari*, and from this judgment the garnishee appeals.

It will be seen from the opinion that, while there was a
writ of garnishment issued on a judgment, the question of
the manner of the service is determinable by a construction
of § 2443, code 1880, in the chapter on attachments.

*Miller & Baskin,* for appellant.

We contend that the judgment rendered against the gar-
nishee at the return term is void. The return does not con-

form to either of the modes prescribed by the statute.   If it were returned merely indorsed " executed," giving the date, and signed by the officer, it would conform to § 1528, code 1880.   It is not a compliance with §§ 2442, 2443, for these require notice *in writing* to the garnishee of the answer he is required to make, and the writ does not require answer whether the garnishee *was indebted to the defendant at the time of the summons.*   See *Faison* v. *Wolf*, 63 Miss., 31.

*McIntosh & Williams*, for appellee.

Under §§ 2442, 2443, code 1880, the officer was not required to read the writ to the garnishee or to inform him in writing of the answer he was required to make, unless the garnishee *demanded* it.   There was no such demand in this case.   Therefore, the only duty on the officer was to inform him of the duty to answer, and when and how to do it.   This might be orally or in writing.   The return shows that the officer gave the garnishee a true notice of the " within."   The " within " was the writ itself, which informed the garnishee what to do, what answer to make, and when and how to make it.

COOPER, J., delivered the opinion of the court.

The return of the officer upon the writ of garnishment was not a valid return.   It is that he had delivered to the officers of the garnishee " a true notice of the within."

The return does not show that the officer gave to the garnishee a copy of the writ.   The inference is that he attempted to give him notice under § 2443, code 1880.   It is upon that theory that counsel for appellee seek to maintain its sufficiency.

We set out the code provisions and so much of the writ of garnishment as are necessary for the consideration of the question involved.

Section 2442 provides how service upon garnishees shall be made.   The officer must " inform him that he must appear at

the court to which the writ of attachment is returnable, there to answer on oath, *in writing,* what he is indebted, *or was indebted, to the defendant in the attachment, at the time of the summoning of such garnishee, or since that time,* or what effects of said defendant he has in his hands, or had at the time of such summons, *or has had since,* and what other persons, to his knowledge or belief, are indebted to said defendant, or have effects of his in their hands."

Section 2443 is as follows: "It shall not be necessary to furnish a garnishee with a copy of the writ of attachment, but he may demand and receive from the officer summoning him a notice, in writing, of the answer he is required to make, as above set forth."

The writ of garnishment in this cause commanded the officer to summon "the Acme Lumber Company to be and appear before said justice of the peace of said county, at his office therein, on the 5th day of October, A.D. 1891, to answer on oath whether they are indebted to said defendant, and in what sum, and what effects of said defendant they have in their hands or possession, or had at the time of the service of this writ, and whether they know of any other person indebted to said defendant, or may have any of the effects of said defendant in his hands or possession."

We have italicised those portions of section 2442 of the code which are absent from the writ of garnishment. It is manifest that they are material, and that notice of all things contained in the writ would not be a compliance with the provision of section 2443 of the code.

*The judgment is reversed, and the cause remanded to the circuit court to be further proceeded with.*