ANDREW S. WORK ET AL. *v.* WILLIAM C. WAGGONER ET AL.

GARNISHMENT. *Code* 1880, § 2422. *Judgment by default. Defective writ.*

A writ of garnishment, issued under Code 1880, § 2422, providing that a garnishee shall be summoned to answer in writing, which fails to notify the party garnisheed to make answer in writing, will not support a judgment by default against the garnishee.

FROM the circuit court of Leake county.

HON. SAMUEL H. KIRKLAND, Special Judge.

Work and others, appellants, partners, doing business under the name of "Work Bros. & Co.," were plaintiffs, and Waggoner and another, appellees, were defendants in the court below.

In December, 1890, appellants sued out an attachment against Gwin, and Waggoner and a Mrs. Joiner, appellees, were summoned as garnishees. The writ of garnishment was as follows: "Whereas it has been suggested to the undersigned clerk of the circuit court that William C. Waggoner [and others named] are indebted to said Gwin, or have effects of his in their hands, we therefore command you to summon the above-mentioned parties, if to be found in your county, personally to be and appear before the judge of our next circuit court to be holden for said county at the courthouse thereof on the 3d day

of March, 1890, then and there to answer on oath whether or not they are indebted to the said Gwin, or were so indebted at the time of the service of this garnishment," etc. The sheriff made the following return on the writ: "Executed by garnishing the within-named persons on list attached." Appellees did not appear, and judgment by default was entered against them. In March, 1898, appellants filed a declaration in the circuit court in debt on this judgment against Waggoner and others. Waggoner and Mrs. Joiner interposed a plea of *nul tiel* record, upon which the case was tried by agreement before the special judge without a jury. There was a judgment for defendants Waggoner and Mrs. Joiner, and plaintiffs appealed to the supreme court.

[It will be observed that Code 1892, sec. 2131, of which Code 1880, sec. 2422, is the prototype, omits the requirement that the writ of garnishment shall specify that the answer shall be in writing.]

*Luckett & Ellis,* for appellants.

The issue presented and upon which the lower court went off, was that the writ of garnishment issued in this case on the 27th day of December, 1890, was void and of no force and effect, because the little word "writing" was omitted from it by the clerk, and the special judge grounded his opinion upon the case of *Acme Lumber Co.* v. *Vandergrift Shoe Co.,* 70 Miss., 91.

In this case the appellees are making a collateral attack on the judgments rendered against them by the circuit court, and in such case the burden is on them to show that plaintiffs' judgment is absolutely void.

The only attack that appellees make on the judgment is that the writ of garnishment omitted the word "writing," and hence it was void on that account. While it would have been more regular for the writ to have had that little word in it, yet we think the failure would not render the writ absolutely void and

the judgment rendered thereon, so as to lay the judgment open to a collateral attack by the judgment debtor and garnishee, nor do we think the case of *Acme Lumber Co.* v. *Vandergrift Shoe Co.,* 70 Miss., 91, so decides. The court, in rendering the opinion in that case nowhere says the judgment was void, but only that it was insufficient, meaning thereby that on a direct appeal the judgment would be reversed on account of such failure, but bear in mind that in that case the writ was faulty for other reasons. *Callen* v. *Ellizon,* 13 Ohio St. R., 446.

*J. B. Sullivan,* for appellees.

The court said in the case of the *Acme Lumber Co.* v. *Vandergrift Shoe Co.,* 70 Miss., 91: "We have italicised those portions of section 2442 of the code which are absent from the writ of garnishment. It is manifest that they are material."

That case is a full and complete settlement of the one at bar as it raises the very same points that are involved in this case.

CALHOON, J., delivered the opinion of the court.

These proceedings are controlled by the Revised Code of 1880. The action of the sheriff was on the writ of garnishment issued December 31, 1890, which writ was defective, in that it did not require the answer to be in writing. That defective writ was the one under which the sheriff acted, and therefore his return could not sustain a judgment by default, under the case of *Acme Lumber Co.* v. *Vandergrift Shoe Co.,* 70 Miss., 91, 11 South., 657.

*Affirmed.*

*Alexander & Alexander,* for appellants, after the delivery of the foregoing opinion, filed a suggestion of error, making the following points: The error is the failure to observe that the judgment against Mrs. Joiner, garnishee, was rendered not on the garnishment writ and the service of the officer thereon, but was rendered on the garnishment by the clerk acting under the

attachment ·writ, pursuant to sections 2424 and 2442 of the Code of 1880. Mrs. Joiner was not summoned as garnishee pursuant to the writ of garnishment, but summoned by the sheriff as one found indebted upon the books of the defendant in attachment. The affidavit in attachment suggests certain persons to be garnisheed, but Mrs. Jointer is not among these. The first mention of Mrs. Joiner in these proceedings is in the return of the sheriff on the attachment writ. This return recites, in the language of section 2424 of the Code of 1880, that the sheriff summoned these persons because they appeared to be indebted to the defendant on said books. This writ of attachment was issued on May 27th. Plaintiff secured a regular writ of garnishment for the persons who had been named in the affidavit for attachment. Mrs. Joiner's name is in neither the suggestion nor the writ of garnishment. It will be observed that the sheriff executed the writ of attachment by seizing the account books of defendant, and on the next day he executed both the writ of attachment and the garnishment; at least he made a return on it that he executed "this attachment and garnishment." Now, the writ of attachment for certain designated persons can only be served on these persons; hence the sheriff could not have served Mrs. Joiner under the garnishment writ, since she was not named under it. It is clear that he was acting under only the attachment writ, since he noted the seizure of the books under the writ, and recited that he summoned Mrs. Joiner as one found indebted upon the books. The judgment does not contradict this claim in any way, but merely recites that certain persons, among others Mrs. Joiner, had been legally and duly summoned as garnishees. The defense made by Mrs. Joiner amounts to a plea of *nul tiel* record, the point presented being merely the want of sufficient service on her as garnishee. It can hardly be questioned that under the Code of 1880 a general return of the summoning as garnishee is sufficient under the attachment writ. This is not only the plain

provision of the statute, but is either expressly declared or taken for granted in all cases coming under the Code of 1880 involving the question of sufficiency of services on the garnishee. *Faison* v. *Wolfe,* 63 Miss., 24. There is considerable confusion as to just how Waggoner was served. His name was suggested in the affidavit for attachment, and he was mentioned also in the subsequent garnishment writ. The sheriff executed the attachment writ and the garnishment by levying upon the books of account and summoning certain named persons who appeared to be indebted to defendant on said books, and among these persons is Waggoner. The language of the return and reference to the books shows that the sheriff proceeded under sections 2424 and 2442, Code 1880. For these reasons we think service on Waggoner is also sufficient.

CALHOON, J., delivered the opinion of the court in response to the suggestion of error.

The grounds taken in the suggestion of error are the same as those taken in the original brief, and the arguments are very forcibly presented in both, and were carefully considered in the first instance. The opinion, out of a wish, perhaps too strong, by the writer of it, to condense, was, perhaps, obscure from lack of fullness, and it may be due counsel to make it more explicit. Short as it was, however, it did show twice our finding from the record that the sheriff's action was on the writ of garnishment of date December 31, 1890. That writ being void under the case of the *Acme Lumber Co.* v. *Vandergrift Shoe Co.,* 70 Miss., 91, 11 South., 657, the sheriff's return of it was void, and with all the more reason void as to Mrs. Joiner, because her name does not appear among the large number suggested by the plaintiff in attachment for garnishment. We must decide causes from records as presented, and certainly will indulge no presumptions to hold a garnishee on a judgment by default seven years, less three days, after, under legislation

which then set a snare for the unwary, which required less formality in the service and return of process on a garnishee than on the debtor sued, and by which the rights of citizens, with no interest in the controversy, and no paper handed them, might be tossed overboard with as little ceremony as corpses of plague patients at sea. Such laws must be enforced, as all laws must, but they certainly have no claim to a more liberal construction than others. This record shows that the affidavit for attachment was made December 18, 1890. Following it appears a suggestion of twenty-one names for garnishment, of which names appears that of Waggoner, but not that of Mrs. Joiner. On that same day, December 18, 1890, was issued a plain writ of attachment against J. Gwin, the defendant in the action, without suggestion of garnishees, or any command to garnish. The return on this shows that it was executed on December 30, 1890, "by attaching J. Gwin's account book." On December 31, 1890, the only writ of garnishment in the record—and it specified the same twenty-one people mentioned in the suggestion, including Waggoner, but excluding Mrs. Joiner—was issued. On that same day—December 31st—appears a loose paper, not appearing to be attached to or indorsed on either the writ of attachment or the writ of garnishment, and without even the style of the case appearing, which reads thus: "Executed this attachment and garnishment this day by levying upon and taking into my possession the books of account of J. Gwin, the defendant, and by summoning the following named persons who appeared to be indebted to defendant on said books as garnishees, to wit." The numerous names included both Waggoner and Mrs. Joiner. Now, the garnishment writ was void, and we are asked to assume on this state of the record that the garnishees were summoned only under attachment writ, and not under the garnishment writ. We decline to do so. The officer's return in effect shows that he executed "this" writ of attachment by levying on the books, and "this"—the only—writ

---

---

of garnishment "by summoning," etc.   It seems plain that he acted on the void writ of garnishment.

*Suggestion of error overruled.*